IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHEMELEX EUROPE GMBH and CHEMELEX LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| CHROMALOX, INC., | ) ) | |
| Defendant. | ) ) | |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiffs Chemelex Europe GmbH ("Chemelex Europe") and Chemelex LLC ("Chemelex US" and together "Chemelex") file this complaint and demand for a jury trial seeking relief for patent infringement by Defendant Chromalox, Inc. ("Chromalox"). Plaintiffs state and allege as follows:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil action for patent infringement under 35 U.S.C. §§ 101, *et seq.* Chemelex Europe owns United States Patent Nos. 10,371,348 (the "'348 Patent"), 10,859,236 (the "'236 Patent"), and 11,236,886 (the "'886 Patent"), and the ornamental designs claimed in United States Design Patent Nos. D897,018 (the "D'018 Patent"), D931,514 (the "D'514 Patent"), D933,869 (the "D'869 Patent"), D936,261 (the "D'261 Patent"), and D992,186 (the "D'186 Patent") (collectively, the "Patents-in-Suit"). Chromalox has infringed and continues to infringe the Patents-in-Suit by making, using, offering to sell, selling, and/or importing in or into the United States end seal signal light kits without Chemelex's permission.

2.    Chemelex seeks, among other relief, an injunction preventing Chromalox from further infringing the Patents-in-Suit, and damages and/or disgorgement of Chromalox's profits from its infringement.

**PARTIES**

3.    Chemelex Europe is a private limited company organized under the laws of Switzerland and located at Grabenstrasse 15, 8200 Schaffhausen, Switzerland.

4.    Chemelex US is a Delaware limited liability company with its principal place of business at 15375 Memorial Dr., Houston, Texas 77079.

5.    On information and belief, Chromalox is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 103 Gamma Dr., Suite 2, Pittsburgh, Pennsylvania 15238.

6.    Chemelex provides electric thermal solutions that connect and protect critical buildings, infrastructure, industrial processes and people. Chemelex provides industrial heat-tracing and wiring, control and monitoring, sensing, engineering and construction services under the industry leading RAYCHEM and TRACER brands, primarily serving chemical and other industries. Products and solutions include heat tracing for freeze protection and process temperature maintenance, temperature control and monitoring systems, heat-traced tubing bundles, instrument winterization, and tank heating systems. Chemelex's commercial, residential, and infrastructure applications include pipe freeze protection, roof and gutter deicing, surface snow melting, hot water temperature maintenance, floor heating, fire rated wiring, and leak detection for healthcare, recreation, hospitality, commercial offices, and education facilities.

7.    Chemelex has the right to make, use, and sell the patented inventions under the Patents-in-Suit and the right to control the enforcement of the Patents-in-Suit.

- 2 -

8.     Chromalox manufactures and supplies electric heat and control products for industrial applications, including heat trace products and accessories, and is a direct competitor of Chemelex in this market.

## JURISDICTION AND VENUE

9.     This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §§ 101, *et seq.* This Court has subject matter jurisdiction over the matters asserted in this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over Chromalox because it is incorporated in the State of Delaware and has committed acts that infringe the Patents-in-Suit in the State of Delaware and in this District. On information and belief, Chromalox has conducted business within the State of Delaware and this District. Chromalox has directly, and through intermediaries, made, used, offered to sell, sold, and/or imported in or into the United States products that infringe one or more claims of the Patents-in-Suit.

11.     On information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 at least because Chromalox is incorporated in the State of Delaware and thus resides in this District.

## FACTUAL ALLEGATIONS

A.     **The Chemelex Patents**

12.     Since its inception over a century ago, Chemelex's predecessor nVent has developed key electrical solutions that protect workers and establish safer work environments.

13.     To continue its mission of connecting and protecting its customers, Chemelex employs engineers with experience in a multitude of industries, including the heat-tracing industry.

14.    Specifically, Chemelex and the inventors of the Patents-in-Suit, Adam C. Sherman, James F. Beres, Rajasree Andeth Nair, and Subhash Thanathalil Kumaran (collectively, "the Inventors"), are experienced in the heat-tracing industry, including developing heating components and accessories.

15.    In the heat-tracing industry, there was a long-recognized need to develop a more reliable and cost-efficient method to verify that heat cables were working properly. Previously, two main methods were used to verify that heat cables were properly working: (1) monitoring electric signals; and (2) visual inspection. Both methods had drawbacks. Electric signal monitoring was not always accurate due to the long distances involved and the potential for short circuit conditions in the heating cable. Additionally, electronically monitoring individual heating circuits was not economically feasible in situations in which many heating cable circuits were present, such as in processing facilities. Furthermore, significant preventative maintenance was required to ensure accurate monitoring of the heating cables due to the potential complexity associated with electronic monitoring.

16.    While theoretically simple and cost efficient, visual inspection was challenging because the location of the lighted tower—on top of an elevated piping system—would require employees to place themselves in dangerous positions to verify the heating cables were operating correctly.

17.    The Inventors developed a lighted cable termination assembly that could be viewed from numerous angles, allowing users to easily and safely verify that the heating cables were operating correctly.

18.    Chemelex sells one or more products that practice the Patents-in-Suit within the United States. Following introduction of its commercial lighted end seal product, Chemelex

experienced increased commercial success, both in the market of end seal products, and also in the market of heating cables.

19.     The '348 Patent, titled "Pipe-Mounted Cable Termination Assembly Providing Illumination Visible from Underside of Pipe," issued on August 6, 2019. The '348 Patent issued from U.S. Application No. 15/811,346, filed on November 13, 2017. A true and correct copy of the '348 Patent is attached as Exhibit A.

20.     Chemelex Europe owns the '348 Patent by assignment.

21.     Chemelex is authorized and has standing to bring legal action to enforce all rights arising under the '348 Patent.

22.     The '236 Patent, titled "High Visibility Termination System and Method," issued on December 8, 2020. The '236 Patent issued from U.S. Application No. 16/528,416, filed on July 31, 2019. The '236 Patent is a continuation of U.S. Application No. 15/811,346, filed on November 13, 2017 (now the '348 Patent). A true and correct copy of the '236 Patent is attached as Exhibit B.

23.     Chemelex Europe owns the '236 Patent by assignment.

24.     Chemelex is authorized and has standing to bring legal action to enforce all rights arising under the '236 Patent.

25.     The '886 Patent, titled "High Visibility Termination System and Method," issued on February 1, 2022. The '886 Patent issued from U.S. Application No. 17/247,345, filed on December 8, 2020. The '886 Patent is a continuation of U.S. Application No. 16/528,416, filed on July 31, 2019 (now the '236 Patent), which is a continuation of U.S. Application No. 15/811,346, filed on November 13, 2017 (now the '348 Patent). A true and correct copy of the '886 Patent is attached as Exhibit C.

26.     Chemelex Europe owns the '886 Patent by assignment.

27.     Chemelex is authorized and has standing to bring legal action to enforce all rights arising under the '886 Patent.

28.     The D'018 Patent, titled "Lighted Cable Termination Assembly," issued on September 22, 2020. The D'018 Patent issued from U.S. Application No. 29/684,243, filed on March 19, 2019. A true and correct copy of the D'018 Patent is attached as Exhibit D.

29.     Chemelex Europe owns the D'018 Patent by assignment.

30.     Chemelex is authorized and has standing to bring legal action to enforce all rights arising under the D'018 Patent.

31.     The D'514 Patent, titled "Lighted Cable Termination Assembly," issued on September 21, 2021. The D'514 Patent issued from U.S. Application No. 29/769,537, filed on February 5, 2021. The D'514 Patent is a continuation of U.S. Application No. 29/769,288, filed on February 4, 2021 (now the D'869 Patent), which is a continuation of U.S. Application No. 29/769,139, filed on February 3, 2021 (now the D'261 Patent). A true and correct copy of the D'514 Patent is attached as Exhibit E.

32.     Chemelex Europe owns the D'514 Patent by assignment.

33.     Chemelex is authorized and has standing to bring legal action to enforce all rights arising under the D'514 Patent.

34.     The D'869 Patent, titled "Lighted Cable Termination Assembly," issued on October 19, 2021. The D'869 Patent issued from U.S. Application No. 29/769,288, filed on February 4, 2021. The D'869 Patent is a continuation of U.S. Application No. 29/769,139, filed on February 3, 2021 (now the D'261 Patent). A true and correct copy of the D'869 Patent is attached as Exhibit F.

35.     Chemelex Europe owns the D'869 Patent by assignment.

36.     Chemelex is authorized and has standing to bring legal action to enforce all rights arising under the D'869 Patent.

37.     The D'261 Patent, titled "Lighted Cable Termination Assembly," issued on November 16, 2021. The D'261 Patent issued from U.S. Application No. 29/769,139, filed on February 3, 2021. A true and correct copy of the D'261 Patent is attached as Exhibit G.

38.     Chemelex Europe owns the D'261 Patent by assignment.

39.     Chemelex is authorized and has standing to bring legal action to enforce all rights arising under the D'261 Patent.

40.     The D'186 Patent, titled "Lighted Cable Termination Assembly," issued on July 11, 2023. The D'186 Patent issued from U.S. Application No. 29/815,561, filed on November 15, 2021. A true and correct copy of the D'186 Patent is attached as Exhibit H.

41.     Chemelex Europe owns the D'186 Patent by assignment.

42.     Chemelex is authorized and has standing to bring legal action to enforce all rights arising under the D'186 Patent.

**B.      Chromalox's Infringement**

43.     At least as early as 2015, Chromalox began selling end seal signal light kits that it claimed provide "360-degree visibility." (*See* Chromalox Press Release, attached as Exhibit I (Jan. 21, 2015)).

44.     Chromalox's end seal signal light kits, available in multiple colors (the "Accused Products"), infringe one or more claims of each of the Patents-in-Suit.

45.     A non-limiting representative example of an Accused

Product known as Red End Seal Signal Light Kit is shown here:

(Exhibit J).



46.     On information and belief, the representative Accused

Product Red End Seal Signal Light Kit is substantially the same as the

other Accused Products for purposes of infringement.

47.     On information and belief, the Accused Products are sold directly by Chromalox

and through various intermediaries.

48.     On information and belief, Chromalox had notice of the Patents-in-Suit prior to the

filing of this suit at least through competitive intelligence.

49.     Pursuant to 35 U.S.C. § 287(a), Chemelex and its predecessor have virtually

marked the Patents-in-Suit at https://raychem.nvent.com/en-be/virtual-patent-marking. Attached

as Exhibit T is a screen capture of the virtual marking site.

50.     On information and belief, Chromalox surveys the patent literature, especially of

its competitors, for relevant patents, including for purposes of its own patent prosecution. For

example, on August 29, 2016, when Chromalox filed its own patent application, Chromalox

included an information disclosure statement with a citation to 2015/0354779, the publication of

the application that subsequently issued as Chemelex's U.S. Patent No. 9,816,680 (the "'680

Patent"), which shares the same specification as the '236 Patent, '348 Patent, and '886 Patent.

51.     Chromalox's accused products have also adopted Chemelex's patented designs.

52.     For example, the table below illustrates Chromalox's use of Chemelex's patented

design claimed in the D'018 Patent. In Chemelex's patent figures, the claimed design is shown in

solid lines, with the broken lines depicting the remainder of the good showing features that form no part of the claimed design:

| D'018 Patent | Chromalox Red End Seal Signal Light Kit |
|---|---|
|  |  |
| *D'018 Fig. 1* | *Ex. K at 7* |
|  |  |
| *D'018 Fig. 4* | *Ex. J* |



| D'018 Fig. 2 superimposed over Accused Product |
| :---: |

53.    As another example, the table below illustrates Chromalox's use of the design

claimed in Chemelex's D'514 Patent:

| D'514 Patent | Chromalox Red End Seal Signal Light Kit |
| :---: | :---: |
|  | |
| *D'514 Fig. 1* | *Ex. K at 7* |



| D'514 Fig. 4 | Ex. J |
|---|---|

**D'514 Fig. 2 superimposed over Accused Product**

54.    As another example, the table below illustrates Chromalox's use of the design claimed in Chemelex's D'869 Patent:



| D'869 Patent | Chromalox Red End Seal Signal Light Kit |
|:---:|:---:|
| *D'869 Fig. 1* | *Ex. K at 7* |
| *D'869 Fig. 4* | *Ex. J* |



**D'869 Fig. 2 superimposed over Accused Product**

55.    As another example, the table below illustrates Chromalox's use of the design claimed in Chemelex's D'261 Patent:

| D'261 Patent | Chromalox Red End Seal Signal Light Kit |
|---|---|
| FIG. 1 | |
| *D'261 Fig. 1* | *Ex. K at 7* |



| **D'261 Fig. 4** | **Ex. J** |

**D'261 Fig. 2 superimposed over Accused Product**

56.    As another example, the table below illustrates Chromalox's use of the design claimed in Chemelex's D'186 Patent:

| D'186 Patent | Chromalox Red End Seal Signal Light Kit |
|:---:|:---:|
|  |  |
| *D'186 Fig. 1* | *Ex. K at 7* |
|  |  |
| *D'186 Fig. 2* | *Ex. J* |



***D'186 Fig. 2 superimposed over Accused Product***

57.    Chromalox has had notice of the Patents-in-Suit and its infringement of the same no later than the filing of this Complaint.

58.    Despite this knowledge, Chromalox has continued to manufacture, use, offer to sell, sell, and/or import the Accused Products in or into the United States without the consent of Chemelex. Chromalox has willfully infringed, and continues to willfully infringe, the Patents-in-Suit, knowingly and/or with reckless disregard, and has acted despite an objectively high likelihood that its actions infringe Chemelex's valid patent rights.

<u>**COUNT I**</u>
<u>**(INFRINGEMENT OF THE '348 PATENT)**</u>

59.    Chemelex repeats, realleges, and incorporates by reference paragraphs 1–58 as if fully set forth in this paragraph.

60.    Chromalox infringes one or more claims of the '348 Patent, including, but not limited to, claims 1–3, 6, and 10–16.

61.    A claim chart that applies each element of claims 1–3, 6, and 10–16 of the '348 Patent to the representative Accused Product is attached as Exhibit L.

62.    The remaining Accused Products also practice all limitations of claims 1–3, 6, and 10–16.

63.    Chromalox has directly infringed, and continues to directly infringe, one or more claims of the '348 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing in or into the United States the Accused Products.

64.    On information and belief, Chromalox actively induces others to infringe the '348 Patent by selling the Accused Products with materials and instructions for operation, with the specific intent and knowledge that the materials direct, teach, or assist others in infringing the '348 Patent. *See, e.g.*, Exhibit K. Chromalox facilitates infringing use of the Accused Products in the United States by advertising, marketing, promoting, offering to sell, and selling the Accused Products as shown on Chromalox's website. Chromalox further provides instructions, user manuals, advertising and marketing materials, and other technical resources on its website that facilitate, direct, or encourage the infringing use, and does so with knowledge of the fact that such actions constitute infringement of the '348 Patent. On information and belief, Chromalox had knowledge of the '348 Patent through its routine monitoring of competitors' patents, as evidenced by its citation of the publication of the application that subsequently issued as Chemelex's '680 Patent during the prosecution of U.S. Patent No. 10,278,265.

65.    Chromalox's infringing acts have caused damage and irreparable injury to Chemelex, and Chemelex will continue to suffer such damage and injury unless and until Chromalox's infringing acts are enjoined by this Court.

66.    Chemelex seeks a judgment that Chromalox directly infringes and/or induces infringement of at least claims 1–3, 6, and 10–16 of the '348 Patent.

67.    Chemelex is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283 and 284.

68.    Chromalox's infringement of the '348 Patent has been, and continues to be, willful and deliberate, justifying treble damages under 35 U.S.C. § 284.

69.    Chromalox's infringement of the '348 Patent is exceptional and entitles Chemelex to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II
## (INFRINGEMENT OF THE '236 PATENT)

70.    Chemelex repeats, realleges, and incorporates by reference paragraphs 1–69 as if fully set forth in this paragraph.

71.    Chromalox infringes one or more claims of the '236 Patent, including, but not limited to, claims 1–9, 12–14, 16, and 17.

72.    A claim chart that applies each element of claims 1–9, 12–14, 16, and 17 of the '236 Patent to the representative Accused Product is attached as Exhibit M.

73.    The remaining Accused Products also practice all limitations of claims 1–9, 12–14, 16, and 17.

74.    Chromalox has directly infringed, and continues to directly infringe, one or more claims of the '236 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing in or into the United States the Accused Products.

75.    On information and belief, Chromalox actively induces others to infringe the '236 Patent by selling the Accused Products with materials and instructions for operation, with the specific intent and knowledge that the materials direct, teach, or assist others in infringing the '236

Patent. *See, e.g.*, Exhibit K. Chromalox facilitates infringing use of the Accused Products in the United States by advertising, marketing, promoting, offering to sell and selling the Accused Products as shown on Chromalox's website. Chromalox further provides instructions, user manuals, advertising and marketing materials, and other technical resources on its website that facilitate, direct, or encourage the infringing use, and does so with knowledge of the fact that such actions constitute infringement of the '236 Patent. On information and belief, Chromalox had knowledge of the '236 Patent through its routine monitoring of competitors' patents, as evidenced by its citation of the publication of the application that subsequently issued as Chemelex's '680 Patent during the prosecution of U.S. Patent No. 10,278,265.

76.     Chromalox's infringing acts have caused damage and irreparable injury to Chemelex, and Chemelex will continue to suffer such damage and injury unless and until Chromalox's infringing acts are enjoined by this Court.

77.     Chemelex seeks a judgment that Chromalox directly infringes and/or induces infringement of at least claims 1–9, 12–14, 16, and 17 of the '236 Patent.

78.     Chemelex is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283 and 284.

79.     Chromalox's infringement of the '236 Patent has been, and continues to be, willful and deliberate, justifying treble damages under 35 U.S.C. § 284.

80.     Chromalox's infringement of the '236 Patent is exceptional and entitles Chemelex to attorneys' fees and costs under 35 U.S.C. § 285.

### COUNT III
### (INFRINGEMENT OF THE '886 PATENT)

81.     Chemelex repeats, realleges, and incorporates by reference paragraphs 1–80 as if fully set forth in this paragraph.

82.     Chromalox infringes one or more claims of the '886 Patent, including, but not limited to, claims 1–11 and 14–19.

83.     A claim chart that applies each element of claims 1–11 and 14–19 of the '886 Patent to the representative Accused Product is attached as Exhibit N.

84.     The remaining Accused Products also practice all limitations of claims 1–11 and 14–19.

85.     Chromalox has directly infringed, and continues to directly infringe, one or more claims of the '886 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing in or into the United States the Accused Products.

86.     On information and belief, Chromalox actively induces others to infringe the '886 Patent by selling the Accused Products with materials and instructions for operation, with the specific intent and knowledge that the materials direct, teach, or assist others in infringing the '886 Patent. *See, e.g.*, Exhibit K. Chromalox facilitates infringing use of the Accused Products in the United States by advertising, marketing, promoting, offering to sell, and selling the Accused Products as shown on Chromalox's website. Chromalox further provides instructions, user manuals, advertising and marketing materials, and other technical resources on its website that facilitate, direct, or encourage the infringing use, and does so with knowledge of the fact that such actions constitute infringement of the '886 Patent. On information and belief, Chromalox had knowledge of the '886 Patent through its routine monitoring of competitors' patents, as evidenced by its citation of the publication of the application that subsequently issued as Chemelex's '680 Patent during the prosecution of U.S. Patent No. 10,278,265.

87.    Chromalox's infringing acts have caused damage and irreparable injury to Chemelex, and Chemelex will continue to suffer such damage and injury unless and until Chromalox's infringing acts are enjoined by this Court.

88.    Chemelex seeks a judgment that Chromalox directly infringes and/or induces infringement of at least claims 1–11 and 14–19 of the '886 Patent.

89.    Chemelex is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283 and 284.

90.    Chromalox's infringement of the '886 Patent has been, and continues to be, willful and deliberate, justifying treble damages under 35 U.S.C. § 284.

91.    Chromalox's infringement of the '886 Patent is exceptional and entitles Chemelex to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT IV
## (INFRINGEMENT OF THE D'018 PATENT)

92.    Chemelex repeats, realleges, and incorporates by reference paragraphs 1–91 as if fully set forth in this paragraph.

93.    Chromalox has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, the Accused Products, which have designs that infringe the D'018 Patent.

94.    The overall appearance of the design claimed by the D'018 Patent and the corresponding design of the Accused Products are substantially the same. Attached as Exhibit O is a claim chart showing how, in the eyes of an ordinary observer, the overall ornamental appearance of the claimed features of the D'018 Patent is substantially the same as the design of a representative Accused Product.  The remaining accused products also have substantially the same overall appearance of the design claimed by the D'018 Patent.

95.    On information and belief, Chromalox intended to copy the design claimed by the D'018 Patent.

96.    Chemelex has been, and will continue to be, irreparably harmed by Chromalox's infringement of the D'018 Patent unless and until Chromalox's infringing acts are pby this Court.

**COUNT V**
**(INFRINGEMENT OF THE D'514 PATENT)**

97.    Chemelex repeats, realleges, and incorporates by reference paragraphs 1–96 as if fully set forth in this paragraph.

98.    Chromalox has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, the Accused Products, which have designs that violate the D'514 Patent.

99.    The overall appearance of the design claimed by the D'514 Patent and the corresponding design of the Accused Products are substantially the same. Attached as Exhibit P is a claim chart showing how, in the eyes of an ordinary observer, the overall ornamental appearance of the claimed features of the D'514 Patent is substantially the same as the design of a representative Accused Product. The remaining accused products also have substantially the same overall appearance of the design claimed by the D'514 Patent.

100.    On information and belief, Chromalox intended to copy the design claimed by the D'514 Patent.

101.    Chemelex has been, and will continue to be, irreparably harmed by Chromalox's infringement of the D'514 Patent unless and until Chromalox's infringing acts are enjoined by this Court.

## COUNT VI
### (INFRINGEMENT OF THE D'869 PATENT)

102. Chemelex repeats, realleges, and incorporates by reference paragraphs 1–101 as if fully set forth in this paragraph.

103. Chromalox has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, the Accused Products, which have designs that violate the D'869 Patent.

104. The overall appearance of the design claimed by the D'869 Patent and the corresponding design of the Accused Products are substantially the same. Attached as Exhibit Q is a claim chart showing how, in the eyes of an ordinary observer, the overall ornamental appearance of the claimed features of the D'869 Patent is substantially the same as the design of a representative Accused Product. The remaining accused products also have substantially the same overall appearance of the design claimed by the D'869 Patent.

105. On information and belief, Chromalox intended to copy the design claimed by the D'869 Patent.

106. Chemelex has been, and will continue to be, irreparably harmed by Chromalox's infringement of the D'869 Patent unless and until Chromalox's infringing acts are enjoined by this Court.

## COUNT VII
### (INFRINGEMENT OF THE D'261 PATENT)

107. Chemelex repeats, realleges, and incorporates by reference paragraphs 1–106 as if fully set forth in this paragraph.

108.    Chromalox has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, the Accused Products, which have designs that violate the D'261 Patent.

109.    The overall appearance of the design claimed by the D'261 Patent and the corresponding design of the Accused Products are substantially the same. Attached as Exhibit R is a claim chart showing how, in the eyes of an ordinary observer, the overall ornamental appearance of the claimed features of the D'261 Patent is substantially the same as the design of a representative Accused Product. The remaining accused products also have substantially the same overall appearance of the design claimed by the D'261 Patent.

110.    On information and belief, Chromalox intended to copy the design claimed by the D'261 Patent.

111.    Chemelex has been, and will continue to be, irreparably harmed by Chromalox's infringement of the D'261 Patent unless and until Chromalox's infringing acts are enjoined by this Court.

## COUNT VIII
## (INFRINGEMENT OF THE D'186 PATENT)

112.    Chemelex repeats, realleges, and incorporates by reference paragraphs 1–111 as if fully set forth in this paragraph.

113.    Chromalox has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, the Accused Products, which have designs that violate the D'186 Patent.

114.    The overall appearance of the design claimed by the D'186 Patent and the corresponding design of the Accused Products are substantially the same. Attached as Exhibit S is a claim chart showing how, in the eyes of an ordinary observer, the overall ornamental appearance

of the claimed features of the D'186 Patent is substantially the same as the design of a representative Accused Product. The remaining accused products also have substantially the same overall appearance of the design claimed by the D'186 Patent.

115.    On information and belief, Chromalox intended to copy the design claimed by the D'186 Patent.

116.    Chemelex has been, and will continue to be, irreparably harmed by Chromalox's infringement of the D'186 Patent unless and until Chromalox's infringing acts are enjoined by this Court.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and District of Delaware LR 38.1, Chemelex hereby demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

Wherefore, Chemelex respectfully requests that the Court enter judgment in its favor and against Chromalox on the patent infringement claims set forth above and respectfully requests that this Court:

(a)    enter judgment that Chromalox has infringed one or more claims of each of the Patents-in-Suit, directly and/or indirectly, literally and/or under the doctrine of equivalents, and that such infringement has been and is willful;

(b)    permanently enjoin Chromalox and all those acting on behalf of, or in active concert or participation with, Chromalox from infringing each of the Patents-in-Suit;

(c)    award Chemelex all available and legally permissible damages and relief sufficient to compensate Chemelex for Chromalox's infringement of the Patents-in-Suit (but in no event less than a reasonable royalty), including to the full extent permitted by 35 U.S.C. § 284, including an

enhancement of damages, together with pre- and post-judgment interest, in an amount to be determined at trial;

(d)    award Chemelex supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting as needed;

(e)    award Chemelex the total profit made by Chromalox from its infringement of the D'018 Patent, D'514 Patent, the D'869 Patent, the D'261 Patent, and the D'186 Patent pursuant to 35 U.S.C. § 289;

(f)    award Chemelex treble damages under 35 U.S.C. § 284 as a result of Chromalox's willful infringement;

(g)    declare this to be an exceptional case under 35 U.S.C. § 285 and award Chemelex its reasonable attorneys' fees for bringing and prosecuting this action;

(h)    award Chemelex its costs and expenses incurred in bringing and prosecuting this action pursuant to 35 U.S.C. § 285, 35 U.S.C. § 284, Rule 54(d) of the Federal Rules of Civil Procedure, and all other applicable statutes and rules in common law as may apply; and

(i)    award Chemelex such other and further relief as this Court deems just and proper.

July 28, 2025

OF COUNSEL:

QUARLES & BRADY LLP
Michael T. Piery
Dawn M. David
411 East Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
michael.piery@quarles.com
dawn.david@quarles.com
Tel: 414-277-5000

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
agaza@ycst.com
rvrana@ycst.com
302-571-6600

*Attorneys for Plaintiffs Chemelex Europe*
*GmbH and Chemelex LLC*